No. 12,529.

FOREMAN *v.* FOREMAN, Administrator.

(291 Pac. 1031)

Decided September 29, 1930.

Mr. EDWARD M. AUSLENDER, for plaintiff in error.

Mr. W. E. SPANGLER, Mr. H. W. SPANGLER, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN a divorce decree the court awarded certain property to Fannie Foreman, hereinafter called the plaintiff. Myer Foreman, hereinafter called the defendant, applied to have the award set aside. The application was denied. He says that in denying his application, the court committed reversible error.

In 1922 the defendant deserted the plaintiff and in 1924 went to live in Roumania. From that time on he

contributed nothing toward her support. In 1926 she brought this divorce suit. On February 16, 1927, the court made its findings of fact and stated its conclusions of law. On June 18, 1927, the defendant filed a motion to set them aside, which motion was denied. On December 3, 1927, the decree of divorce was signed. The only property at that time owned by the defendant in this country was an undivided one-half interest in two lots, upon which there was an encumbrance of $1,800. The other half interest, also subject to the encumbrance, was owned by the plaintiff. The value of the defendant's interest was about $500. The decree awarded that interest to the plaintiff as permanent alimony. On May 13, 1928, the paintiff died, leaving as her sole heir at law her son by a former marriage, J. L. Foreman, the defendant in error, who became administrator of her estate. On June 21, 1928, the defendant filed his application to modify the decree by setting aside the alimony award, claiming that the plaintiff had procured the award by false testimony concerning her financial condition. The defendant, who had returned to this country, testified at the hearing, as did several other witnesses; and upon consideration of all the evidence, the court denied the application.

In her complaint the plaintiff alleged that she "is a poor person and without means save and except a one-half interest" in the two lots. According to the evidence, she then had about $2,000 on deposit in a bank. The defendant took considerable money with him when he abandoned the plaintiff. The plaintiff alleged that he took $7,000 with him. He admitted under oath that when he left here he had in bank $1,800, which was sent to him later, and that while he was in Roumania he "had lots of money" to keep him. He sent nothing to the plaintiff, and did not pay any taxes on the lots or interest on the $1,800 encumbrance. Part of the time the plaintiff received rent, but she expended for taxes, interest and upkeep much more than she received. The defendant him-

self testified falsely in seeking to have the findings of fact and conclusions of law set aside. Such conduct was denounced by the trial court in its opinion. The record discloses other discreditable conduct on the part of the defendant.

The trial court had the opportunity to observe the appearance of both the plaintiff and the defendant. In denying the defendant's application to set aside the award, the court remarked that Mrs. Foreman appeared to be an old lady, not in the best of health, physically in a far inferior position to the defendant; that she had been married to the defendant for a great many years; and that the property awarded to her would not provide for her the bare necessities of life to which she was entitled as the wife of the defendant.

We do not wish to be understood as minimizing the misconduct of the plaintiff in swearing falsely concerning her financial condition. Unexplained by her—she was given no opportunity to explain, as the attack was made after her death—her conduct deserves censure. But the trial court may well have considered that as the defendant himself gave false testimony—in other words, came into court with unclean hands—he ought not to be granted the relief sought by him, and that in any event, the equities preponderated in favor of the plaintiff.

Upon consideration of the entire record, we are not prepared to say that the court erred in refusing to set aside the award.

The judgment is affirmed.

Mr. Justice Adams, sitting for Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.